IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HORTON ARCHERY, LLC**                                                                  **PLAINTIFF**

v.                                                         CIVIL ACTION NO.: 2:13-cv-260-KS-MTP

**FARRIS BROTHERS, INC.**                                                                **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Strike Answer [15] and Defendant's Motion to Amend [17] and Amended Motion to Amend [19]. Having considered the parties' submissions and the applicable law, the Court finds that Defendant's Motion/ Amended Motion to Amend [17] [19] should be granted and Plaintiff's Motion to Strike Answer [15] should be denied as moot.

## PROCEDURAL HISTORY

On November 25, 2013, Plaintiff filed its Complaint [1], and on December 26, 2013, Defendant filed its Answer [6]. Thereafter, Plaintiff filed its Motion to Strike [15], seeking to have the Court strike Defendant's third and fourth affirmative defenses. Plaintiff argues that the two affirmative defenses, which are based on Plaintiff's alleged misrepresentation, are not stated with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

After Plaintiff sought to strike two of its affirmative defenses, Defendant filed its Motion and Amended Motion to Amend [17] [19]. In its Amended Answer, Defendant has withdrawn the original third and fourth affirmative defenses and has asserted a counterclaim based on Plaintiff's alleged misrepresentations. *See* Motion [17] Ex. 1. Plaintiff opposes the Motions to Amend on two grounds. First, Plaintiff argues that Defendant had multiple opportunities to

1

introduce the proposed pleading and Defendant failed to offer any explanation of why leave to amend should be granted. Second, Plaintiff argues that the amendment would be futile because it fails to state a claim.

## DISCUSSION

Leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts should consider the following factors in determining whether to grant leave to amend a pleading: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

This is the first time Defendant has sought to amend its Answer, and Defendant sought the amendment before the deadline for amending pleadings. *See* Case Management Order [11]. Additionally, Defendant provided a copy of the proposed Amended Answer to Plaintiff prior to Plaintiff filing its Motion to Strike. This case is in the early stages of discovery, and the trial of this case is not set to begin until January 5, 2015. *See* Case Management Order [11]. The Court finds that granting the Motion to Amend would not result in any significant delay, and Plaintiff will not suffer any real prejudice from the amendment.

As for the issue of futility, the Court notes that an amendment may be denied "where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co., Inc. V. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). A determination of whether a proposed amendment would be subject to dismissal could require "a detailed analysis of the proposed pleading . . . ." *Moore v. Dallas Indep. Sch. Dist.*, 557 F. Supp. 2d 755, 759 (N.D. Tex. 2008). To avoid this premature determination of the merits, the

standard for denying an amendment based on futility is that "'[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper.'" *Id.* (quoting Wright, Miller, & Kane, *Federal Practice and Procedure*, § 1487 at 637, 642 (2d ed. 1990)).  Because Defendant's proposed Amended Answer is not clearly futile, the Court will grant the Motion to Amend. Permitting the amendment renders Plaintiff's Motion to Strike moot.

    IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Amend [17] and Amended Motion to Amend [19] are GRANTED,

2. Plaintiff's Motion to Strike Answer [15] is DENIED as moot, and

3. Defendant shall file the Amended Answer on or before April 2, 2014.

    SO ORDERED this the 26th day of March, 2014.

                                    /s/MICHAEL T. PARKER
                                    UNITED STATES MAGISTRATE JUDGE