IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HORTON ARCHERY, LLC**                                                  **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 2:13-CV-260-KS-MTP**

**FARRIS BROTHERS, INC.**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants in part and denies in part** Plaintiff's Motion to Dismiss [30] Defendant's counterclaim. The Court **denies** the motion as it pertains to Defendant's counterclaim for breach of contract, but the Court **grants** the motion as it pertains to Defendant's UCC counterclaims.

Defendant may file an amended counterclaim within fourteen days of the entry of this opinion to correct the pleading errors noted below. If Defendant does not file an amended counterclaim within fourteen days of the entry of this opinion, the UCC claims will remain dismissed without prejudice.

The Court also **denies as moot** Plaintiff's Motion to Strike [37] exhibits attached to Defendant's response.

**I. BACKGROUND**

This is a contract dispute. In February 2013, Plaintiff, a manufacturer, sold Defendant, a distributor, $229,122.27 worth of hunting crossbows and related products. In the summer of 2013, Defendant noticed that an unusually high number of its retailers were experiencing customer returns on Plaintiff's crossbows, allegedly

because they were defective. Defendant later learned that either Plaintiff or its secured creditors had liquidated Plaintiff's inventory at public auction. Accordingly, other distributors and online retailers were selling Plaintiff's crossbows for a substantially lower price than Defendant.

Plaintiff filed its Complaint [1] on November 25, 2013. Plaintiff claims that Defendant attempted to reject the entire order as defective in October 2013, and that it refused to pay for the crossbows, in breach of the sales contract. On March 28, 2014, Defendant filed its Counterclaim [26], asserting that Plaintiff breached certain terms of the sales contract. Plaintiff filed a Motion to Dismiss [30] Defendant's counterclaim, which the Court now addresses.

## II. DISCUSSION

### A. *Standard of Review*

To survive a motion to dismiss under Rule 12(b)(6), a counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the [counterclaim's] factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the [counterclaim] in the light most favorable to the [defendant]." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412,

2

417 (5th Cir. 2010) (punctuation omitted). Legal conclusions may provide "the [counterclaim's] framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

## B.    Breach of Contract

In Mississippi, a party asserting a breach of contract must prove 1) the existence of a valid and binding contract, and 2) that the opposing party has broken, or breached it. *Business Communs., Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012). If a party seeks monetary damages as a remedy for a breach of contract, they also "must put into evidence, with as much accuracy as possible, proof of the damages being sought." *Id.* at 1225.

In its Counterclaim [26], Defendant alleged that Plaintiff offered it a "special price package" on the crossbows "with a full warranty," which allowed Defendant to "pay ½ of the total invoice early and the other ½ in September of 2013." Defendant apparently alleges that Plaintiff breached the agreement by liquidating its inventory pursuant to bankruptcy and flooding the market with cheaper crossbows, depriving Defendant of the opportunity to sell its remaining stock. Defendant also alleges that Plaintiff promised to give it a five percent rebate, but failed to do so.

Plaintiff denies that the parties' agreement contained any "price protection," warranty, or rebate. In support of this argument, Plaintiff attached copies of the invoices,[1] which it contends comprise the total written contract between the parties.

---

[1]"Documents that a [party] attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the [counterclaim] and are central to

Plaintiff argues that Defendant is foreclosed from arguing that any oral agreement existed because Mississippi law requires that the contract at issue be in writing, and that the invoices satisfy this requirement. *See* MISS. CODE ANN. § 75-2-201(1)-(2). Plaintiff further argues that Mississippi law prevents Defendant from arguing that the parties orally modified the invoices. *See* MISS. CODE ANN. § 75-2-202. Accordingly, Plaintiff contends that the Court must dismiss Plaintiff's counterclaim for breach of contract.

Defendant alleged that there existed a contract between the parties with certain terms, and that Plaintiff breached those terms. That is sufficient to state a claim for breach of contract. It is not clear from the counterclaim whether Defendant alleges that the breached terms were reduced to writing or were mere oral agreements, but Plaintiff claims that the invoices comprise the total contract between the parties. Therefore, there exists a factual dispute as to what constituted the parties' contract – an issue better presented in a motion for summary judgment accompanied by evidence of the negotiation, agreement, and transaction process. The Court denies the motion to dismiss as to Defendant's counterclaim for breach of contract.

## C.  *UCC Claims*

Defendant also requested "enforcement of all rights allowed under the Uniform Commercial Code" and listed several sections of Mississippi's UCC, but it failed to provide any factual allegations in support of each purported UCC claim or even to

---

[his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

explain what purported "rights" it wants enforced. Some of the listed statutes do not even provide causes of action. In short: merely citing a statute is not sufficient to state a claim for which relief may be granted. The Court can not determine what Defendant intended to plead, and it declines to guess. Therefore, all of the claims listed in Paragraph XV of the counterclaim are dismissed without prejudice.

With respect to Defendant's apparent fraud claim, the Court further observes that Defendant failed to allege sufficient facts. "Rule 9(b) states that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 206-07 (5th Cir. 2009) (quoting FED. R. CIV. P. 9(b)). The Fifth Circuit interprets this rule "strictly, requiring the [party] to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* at 207. Furthermore, in Mississippi there are nine elements in a fraud claim: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury." *Trim v. Trim*, 33 So. 3d 471, 478 (Miss. 2010). Defendant did not plead sufficient facts to meet these requirements.

### III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part**

Plaintiff's Motion to Dismiss [30] Defendant's counterclaim. The Court **denies** the motion as it pertains to Defendant's counterclaim for breach of contract, but the Court **grants** the motion as it pertains to Defendant's purported UCC claims.

The Court frequently allows parties an opportunity to amend and correct a pleading error. *See, e.g., Hattiesburg v. Hercules, Inc.*, No. 2:13-CV-208-KS-MTP, 2014 U.S. Dist. LEXIS 40993, at *15 (S.D. Miss. Mar. 27, 2014); *Sanford v. TIAA-CREF Individual & Inst. Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 U.S. Dist. LEXIS 23600, at *10 (S.D. Miss. Feb. 24, 2012); *Bryant v. Holder*, No. 2:10-CV-76-KS-MTP, 2011 U.S. Dist. LEXIS 23975, at *39-*40 (S.D. Miss. Feb. 3, 2011). Therefore, Defendant may file an amended counterclaim within fourteen days of the entry of this opinion to correct the pleading errors noted above. Specifically, the Court expects Defendant to provide substantially more support for the UCC claims which it attempted to plead in its initial counterclaim. If the cited UCC provision concerns an element of damages or a desired remedy, then Defendant should state as much and explain what it wants. If Defendant does not file an amended counterclaim within fourteen days of the entry of this opinion, the UCC claims will remain dismissed without prejudice.

The Court also **denies** Plaintiff's Motion to Strike [37] as moot. The Court did not consider the contested exhibits.

SO ORDERED AND ADJUDGED this 2nd day of July, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE