IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HORTON ARCHERY, LLC**                                                                      **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 2:13-CV-260-KS-MTP**

**FARRIS BROTHERS, INC.**                                                                **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Plaintiff's Motion for Summary Judgment [42]. The Court will enter a final judgment consistent with this opinion.

## I. BACKGROUND

This is a contract dispute. Plaintiff is a crossbow manufacturer, and Defendant is a hunting goods distributor. At a trade show in January 2013, the parties agreed that Defendant would purchase 1,000 crossbows from Plaintiff at a price of $450.00 each. Plaintiff agreed to pay half of the purchase price within thirty days of delivery and the rest by September 1, 2013. Defendant delivered the crossbows, and Plaintiff paid half of the purchase price within thirty days as agreed.

Later that year, Plaintiff's largest secured creditor foreclosed on its assets and sold them to a competing manufacturer, but the creditor retained Plaintiff's accounts receivable. In July 2013, Defendant received a press release from Hunter's Manufacturing Company, Inc., d/b/a TenPoint Crossbow Technologies, announcing its purchase of Plaintiff's assets. Defendant also received notice of a liquidation sale, in which Plaintiff's assets and inventory were being sold at discounted prices. The market

price of Plaintiff's crossbows dropped, leaving Defendant unable to sell the crossbows at a profit. Defendant subsequently refused to pay the remaining half of the purchase price due on September 1, 2013.

Plaintiff brought this breach of contract action, claiming that Defendant breached the contract by failing to pay the other half of the purchase price. Defendant asserted counterclaims for breach of contract, claiming that Plaintiff breached a price protection guarantee, a lifetime warranty, and a rebate program. Plaintiff eventually filed a Motion for Summary Judgment [42], which is ripe for review.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

2

argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In Mississippi, a party asserting a breach of contract must prove 1) the existence of a valid and binding contract, and 2) that the opposing party has broken, or breached it. *Business Communs., Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012). If a party seeks monetary damages as a remedy for a breach of contract, they also "must put into evidence, with as much accuracy as possible, proof of the damages being sought." *Id.* at 1225.

### A.   *Plaintiff's Breach of Contract Claim*

#### 1.   *The Terms of the Contract*

The basic terms of the contract are undisputed. In January 2013, Defendant agreed to purchase 1,000 crossbows from Plaintiff at a cost of $450.00 per crossbow. Half of the payment was due within thirty days of delivery, and the other half was due by September 1, 2013. Defendant's 30(b)(6) representative admitted those were the basic terms of the contract [43-2]. Plaintiff produced invoices [43-1, 43-5, 43-6, 43-7] and purchase orders [43-3, 43-4] which reflect these terms and were authenticated by affidavit [43-1] and testimony from Defendant's 30(b)(6) representative [43-2]. Therefore, it is undisputed that the parties entered a contract with at least these basic terms.

#### 2.   *Breach*

Defendant's 30(b)(6) representative admitted [43-2] that Plaintiff delivered the crossbows as agreed, that Defendant made its initial payment within thirty days of

3

receipt, and that Defendant failed to make the second payment. Therefore, the Court finds that Defendant breached the contract.

    3.    *Defenses to Enforcement*

Defendant asserted two justifications for its breach. First, Defendant asserted the doctrine of "frustration of purpose," which "excuses performance by a party where the value of the performance to at least one of the parties, and the basic rationale recognized by both parties entering into the contract, has been destroyed by a supervening and unforeseen event." *City of Starkville v. 4-County Elec. Power Ass'n*, 819 So. 2d 1216, 1225 (Miss. 2002). The defense has three elements:

> First, the purpose that is frustrated must have been a principal purpose of that party in making the contract. The object must be so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense. Second, the frustration must be substantial. It is not enough that the transaction has become less profitable for the affected party or even that he will sustain a loss. The frustration must be so severe that it is not fairly to be regarded as within the risks that he assumed under the contract. Third, the non-occurrence of the frustrating event must have been a basic assumption on which the contract was made.

*Id.* (citing RESTATEMENT (SECOND) OF CONTRACTS § 265 cmt. a (1981)).

Defendant's frustration argument fails for two reasons. First, the Mississippi Supreme Court "has not recognized frustration of purpose as a defense to a breach of contract action." *Id.*; *see also Austin Firefighters Relief & Ret. Fund v. Brown*, No. 3:07-CV-228-TSL-JCS, 2008 U.S. Dist. LEXIS 75282, at *33 (S.D. Miss. Sept. 29, 2008). It would be inappropriate, therefore, for a federal court exercising diversity jurisdiction

to extend state law by doing so.[1] Second, the record demonstrates that the alleged frustration here was not as "substantial" as that required to invoke the defense. *4-County Elec. Power Ass'n*, 819 So. 2d at 1225. As recited above: "It is not enough that the transaction has become less profitable for the affected party or even that he will sustain a loss." *Id.* Defendant admits that its only grievance is that it can not sell the crossbows for a profit, and that is not the sort of "substantial frustration" contemplated by the doctrine.

Next, Defendant argues that its performance is excused because Plaintiff committed a prior material breach of the contract. For the reasons stated below in the Court's discussion of Defendant's counterclaims, the Court finds that Plaintiff committed no prior material breach.

4.  *Damages*

It is undisputed that Defendant owes $229,122.27 on the contract. Therefore, the Court shall enter a judgment in that amount.

Plaintiff also requested prejudgment interest. "In diversity cases, issues of prejudgment interest are governed by state law." *Liberty Mut. Fire Ins. Co. v. Canal Ins. Co.*, 177 F.3d 326, 329 (5th Cir. 1999). "Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit. An

---

[1] *See Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 343 (5th Cir. 1988) ("As a federal court sitting in diversity jurisdiction, the district court should have hesitated, as we would, to extend [state] law beyond the boundaries currently established in the state's own courts."); *Munn v. Algee*, 730 F. Supp. 21, 26 (N.D. Miss. 1990) (". . . this court should be more reluctant to extend Mississippi law than a state trial court would be . . . .").

award of prejudgment interest rests in the discretion of the awarding judge. Under Mississippi law, prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made . . . ." *Hans Constr. Co. v. Drummond*, 653 So. 2d 253, 264 (Miss. 1995). Prejudgment interest runs from the date of breach. *Sentinel Indus. Contr. Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 971 (Miss. 1999). Plaintiff's damages have been clearly defined since Defendant breached the contract by failing to render payment. The Court awards Plaintiff prejudgment interest on the judgment at the rate of 8% per annum from September 1, 2013, through the entry of judgment. *See* MISS. CODE ANN. § 75-17-1(1).

Plaintiff seeks attorney's fees. "It is well-settled that attorney's fees are not to be awarded unless a statute or other authority so provides." *Sentinel Indus.*, 743 So. 2d at 971. "In breach of contract cases, attorney fees generally are not awarded absent provision for such in the contract or a finding of conduct so outrageous as to support an award of punitive damages." *Id.* The contract contained no provision for attorney's fees, and Plaintiff has not demonstrated that Defendant's conduct was so outrageous that it merits punitive damages. Therefore, an award of attorney's fees would be inappropriate here.[2]

Finally, the Court awards Plaintiff its costs as provided by Rule 54. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920.

---

[2] Plaintiff cites MISS. CODE ANN. § 11-53-81, which provides for recovery of attorney's fees when a person fails to pay an open account. Plaintiff, however, has framed its claim as one for breach of contract since the beginning of this matter, rather than as a claim for collection on an open account.

### B.     *Defendant's Counterclaims*

Defendant asserted counterclaims, contending that Plaintiff breached certain provisions of the parties' contract: a price protection guarantee, a lifetime warranty, and a rebate program.

### 1.     *Price Protection*

First, Defendant contends that Plaintiff breached an oral agreement to accept a return of the unsold crossbows or provide a credit if the market price of the crossbows dropped, but the record contains absolutely no evidence of such an agreement. Defendant's 30(b)(6) representative provided no testimony [43-2] that can fairly be interpreted as establishing a price protection agreement. He said Plaintiff's sales agent had been concerned that Defendant would sell its crossbows at too low a price, creating less demand for other models. He acknowledged, though, that as a distributor Defendant was not subject to a "minimum advertised price" provision. Even if the contract had stipulated a "minimum advertised price," that is far different than an agreement that the manufacturer will accept a return of unsold goods or make up the difference if market conditions change. Defendant has provided no evidence of such an agreement.[3]

### 2.     *Warranty*

As for the warranty claim, Defendant apparently contends that it has been deprived of future "warranty protection on the products already sold" [26]. Defendant's

---

[3]The Court notes that Defendant referred to exhibit numbers in its brief [46], but it failed to attach or otherwise file exhibits.

briefing [46] further clarified that its purported warranty claim is premised upon Plaintiff's inability to honor future warranty claims because it has gone out of business.

This Court's jurisdiction is "limited to the resolution of an actual controversy." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). The doctrine of ripeness is one facet of this limitation. *Id.* "[A] court has no power to decide disputes that are not yet justiciable. A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical." *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010). "If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication." *Id.* at 342. As Defendant's warranty claim is premised upon future events that may not occur – i.e. Plaintiff's ability to honor hypothetical future warranty claims – the Court finds that it is not ripe for adjudication.[4]

   3.   *Rebate Program*

Defendant contends that Plaintiff breached its obligations under the "Master Distributor Rebate Program" [43-1], which it contends was incorporated with the parties' contract. Under the terms of the program, a customer would receive a "5% discount in the form of a year-end rebate on orders placed between January 1, 2013 December 31, 2013," if they meet certain requirements.

The parties agree that this dispute is governed by Mississippi's UCC, which provides, in pertinent part: "[A] contract for the sale of goods for the price of five

---

[4]The Court further notes that Defendant did not direct the Court to any evidence that the contract included a warranty or that Plaintiff has breached it.

hundred dollars ($500.00) or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties . . . ." MISS. CODE ANN. § 75-2-201(1). But "if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten (10) days after it is received." MISS. CODE ANN. § 75-2-201(2). The parties agree that the invoices [43-1, 43-5, 43-6, 43-7] and purchase orders [43-3, 43-4] meet these requirements and constitute writings in confirmation of the contract. Furthermore, Defendant's 30(b)(6) representative [43-2] admitted that the invoices and purchase orders were the only writings evidencing the agreement.

Defendant's 30(b)(6) representative provided testimony [43-2] concerning a rebate program, and the record includes a copy of a flier [43-1] about the program. However, the UCC's parol evidence rule forbids consideration of this evidence. The statute provides:

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:
>
>     (a)    By course of performance, course of dealing or usage of trade (Section 75-1-303); and
>
>     (b)    By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

MISS. CODE ANN. § 75-2-202. The purchase orders and invoices – which Defendant admits are the only writings evidencing the agreement – agree on the key terms of price and quantity. Both the testimony from Defendant's representative [43-2] and the flier [43-2] about the rebate program contradict those terms insofar as a 5% rebate would lower the price of the goods. In that respect, the parol evidence (30(b)(6) testimony, flier) does not explain or supplement the confirmatory writings (purchase orders, invoices), and the exceptions in subsections (a) and (b) are inapplicable.[5] Therefore, the Court finds that Defendant failed to demonstrate that the parties' agreement incorporated a 5% rebate.

　　4.　　*Breach of Duty of Good Faith and Fair Dealing*

Defendant did not assert a counterclaim [26] for breach of the duty of good faith and fair dealing. This allegation first appeared in Defendant's Response [46] to Plaintiff's Motion for Summary Judgment [42]. "A claim which is not raised in the [operative pleading] but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005). Therefore, no counterclaim for breach of the duty of good faith and fair dealing is currently before the Court.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Plaintiff's Motion for Summary

---

[5]The Court further notes that Defendant failed to address these sections of the UCC in briefing or direct the Court to any evidence related to subsections (a) and (b).

Judgment [42] as to both its claims and Defendant's counterclaims. The Court awards Plaintiff $229,122.27 in contractual damages; prejudgment interest at the rate of 8% per annum running from September 1, 2013, to the entry of judgment; and costs as provided by Rule 54. The Court denies Plaintiff's request for attorney's fees. The Court will enter a final judgment consistent with this opinion.

SO ORDERED AND ADJUDGED this 12th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE